UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUAN FIGUEROA, on behalf of himself and          Case No. 14-CV-8383 (GHW)
all other similarly situated employees,

                Plaintiffs,

   v.

COMPASS GROUP USA, INC.,

                Defendant.
-----------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

                                        LITTLER MENDELSON, P.C.

                                        900 Third Avenue
                                        New York, New York 10022
                                        (212) 583-9600

*Of Counsel*:
Craig R. Benson
Sarah E. Moss

TABLE OF CONTENTS

PAGE

I. PRELIMINARY STATEMENT ............................................................................................. 1

II. PLAINTIFF'S RELEVANT FACTUAL ALLEGATIONS ............................................. 2

III. LEGAL ARGUMENT ........................................................................................................ 3

    A. APPLICABLE LEGAL STANDARD ................................................................... 3

    B. CHANGING CLOTHES IS NOT COMPENSABLE UNDER THE FLSA EXCEPT IN LIMITED CIRCUMSTANCES THAT ARE NOT PRESENT HERE ........................................................................................... 4

        1. The Portal-To-Portal Act Was Enacted In Part To Exclude Changing Clothes From Compensable Work Time ..................................... 4

        2. Even If Donning And Doffing a Cook's Uniform Is Not Per Se Non-Compensable, Plaintiff Has Not Sufficiently Alleged that Donning And Doffing Was A Principal Activity To His Job As A Cook ........................................................................................................... 7

        3. Even If Donning And Doffing a Cook's Uniform Is Not Per Se Non-Compensable, Plaintiff Has Not Sufficiently Alleged That Donning and Doffing Was Integral and Indispensable To a Principal Activity ...................................................................................... 9

        4. Plaintiff Has Failed To Allege That The Time He Spent Changing Was Not *De Minimis* ................................................................................ 10

    C. PLAINTIFF HAS NOT ALLEGED THAT TIME SPENT WALKING TO AND FROM THE LOCKER ROOM AND TIME CLOCK WAS COMPENSABLE WORK TIME ...................................................................... 12

    D. PLAINTIFF FAILED TO STATE AN FLSA CLAIM FOR OFF-THE-CLOCK WORK BECAUSE TEN MINUTES PER WEEK OF SUCH WORK IS *DE MINIMIS* AS A MATTER OF LAW ......................................... 13

    E. CONCLUSION ...................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Alcoa, Inc.*,
  822 F. Supp. 2d 156 (N.D.N.Y. 2011) ................................................................. 5, 6, 7

*Albrecht v. Wackenhut Corp.*,
  2009 WL 37880 (W.D.N.Y. Sept. 24, 2009) ................................................................ 11

*Anderson v. Mount Clemens Pottery Co.*,
  328 U.S. 680 (1946) ................................................................. 4, 5, 11, 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................. 3

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) ................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................. 3

*Edwards v. City of New York*,
  2011 WL 3837130 (S.D.N.Y. Aug. 29, 2011) ................................................................. 5

*Gorman v. Consolidated Edison Corp.*,
  488 F.3d 586 (2d Cir. 2007), cert denied, 553 U.S. 1093 (2008) ................................................................. 5, 6, 11, 12

*Gorman v. Entergy Nuclear Operations, Inc.*,
  No. 04 Civ. 8484, 2006 WL 4774619 (S.D.N.Y. Apr. 14, 2006) ................................................................. 6

*Haight v. The Wackenhut Corp.*,
  692 F.Supp.2d 339 (2010) ................................................................. 5, 11

*IBP v. Alvarez*,
  546 U.S. 21 (2005) ................................................................. 12

*Integrity Staffing Solutions, Inc. v. Busk*,
  574 U.S. __, 135 S.Ct. 513 (2014) ................................................................. 7, 8, 9

*Perez v. City of New York*,
  2015 WL 424394 (S.D.N.Y. Jan. 15, 2015) ................................................................. 5, 8, 9, 10

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Reich v. N.Y. City Transit Auth.*,
  45 F.3d 646 (2d Cir. 1995) ............................................................................................... 5

*Scheuer v. Rhodes*,
  416 U.S. 232 (1974) .......................................................................................................... 3

*Steiner v. Mitchell*,
  350 U.S. 247 (1956) .......................................................................................................... 5

*York v. Ass'n of the Bar*,
  286 F.3d 122 (2d Cir. 2002) ............................................................................................. 3

**STATUTES**

29 U.S.C. § 254(a) ................................................................................................................. 5, 7

Fair Labor Standards Act ("FLSA") ......................................................................................... 1

FLSA ................................................................................................................................. passim

FLSA. First ............................................................................................................................... 1

New York Labor Law ("NYLL") ............................................................................................. 2

NYLL ................................................................................................................................... 2, 3

Portal-to-Portal Act, 29 U.S.C. § 254 ("Act") .......................................................................... 4

**OTHER AUTHORITIES**

29 C.F.R. § 790.7(g) ................................................................................................................. 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 3, 6

Letter, Docket No. 8 ............................................................................................................... 12

Defendant Compass Group USA, Inc. ("Defendant") respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## I. PRELIMINARY STATEMENT

Supreme Court and Second Circuit precedent is clear: the time a person spends changing in and out of normal clothes, including an employer-required uniform, is not compensable work time. Here, Plaintiff does no more than allege that he was required to change into and out of a generic cook's uniform. The new allegations in the Amended Complaint do not save his claim from dismissal because they illustrate that his uniform was nothing more than ordinary clothing. He does not allege that his uniform itself had any specific properties that would elevate it to specialized protective gear. Indeed, his new allegations underscore that Plaintiff could have performed his job in any type of clean clothing. Accordingly, he has failed to state a claim for unpaid work time under the Fair Labor Standards Act ("FLSA"), and his Amended Complaint should be dismissed.

Second Circuit precedent has made clear that the FLSA does not require an employer to compensate an employee for time spent changing clothes under normal conditions. To overcome this presumption against compensability, a Plaintiff must make specific allegations that his uniform was specialized protective gear. Because Plaintiff has not provided any such allegations, he has failed to plead facts demonstrating that he is entitled to unpaid overtime under the FLSA, and his claim should be dismissed.

Further, Plaintiffs' new allegation of up to 10 minutes of off the clock work per week fails to state a claim for unpaid minimum or overtime wages under the FLSA. First, such time (an average of 2 minutes per day) is *de minimis*. Accordingly, he has failed to state a claim for

any unpaid wages under the FLSA, and his federal claim should be dismissed.[1]

## II. PLAINTIFF'S RELEVANT FACTUAL ALLEGATIONS[2]

Plaintiff began working for Defendant at Defendant's facility at the College of Mount St. Vincent, on or about September 7, 2012. (Amended Complaint ¶ 7.)[3] He was a cook. (*Id*. at ¶ 8.) As a cook, Plaintiff's duties included, but were not limited to cooking, cleaning, and kitchen preparation. (*Id*. at ¶ 13.) As part of his duties, he cooked pizza and pasta. (*Id*. at ¶ 9.)

During his employment, he was required to wear a cook's uniform. (*Id*. at ¶ 23.) He was also required to change into and out of his uniform in a locker room at Defendant's facility and leave his uniform at Defendant's laundry. (*Id*. at ¶ 10.) After Plaintiff changed into his uniform at the beginning of his shift, he would walk from the locker room to an office to clock in. (*Id*. at ¶ 11.) Changing, walking, and clocking in took Plaintiff, on average, fifteen (15) to twenty (20) minutes. (*Id*.) At the end of his shift, Plaintiff would walk from the office to the locker room, change, and deposit his uniform at Defendant's laundry. This process took Plaintiff, on average, fifteen (15) to twenty (20) minutes. (*Id*.) Plaintiff also claims that he spent up to ten minutes per week discussing his next day's job assignment with a supervisor after he had already clocked out for the day. (*Id*. at ¶ 12.)

---

[1] Plaintiff also alleges violations of the New York Labor Law ("NYLL"), but his claim is limited to the 2.5 hours per week that he claims to have worked beyond the 37.5 hours for which he was paid. Although Defendant does not challenge the sufficiency of Plaintiff's NYLL allegations, for purposes of this Motion only, Defendant respectfully submits that this Court should decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims and dismiss the case in its entirety.

[2] Although Defendants reserve the right to dispute and/or otherwise challenge any of the facts asserted in the Amended Complaint, for purposes of this Motion, Defendants accept as true the allegations in the Amended Complaint.

[3] The Amended Complaint is attached hereto as **Ex. 1** to the Declaration of Craig R. Benson in Support of Defendant's Motion to Dismiss.

## III. LEGAL ARGUMENT

A.     APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because the complaint must allege facts which confer a cognizable right of action, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar*, 286 F.3d 122, 125 (2d Cir.2002) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Although the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. More specifically, Plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [those claims] must be dismissed." *Id.* at 570.

Here, Plaintiff has failed to provide factual allegations that would allow the Court to draw any reasonable inferences in his favor. Specifically, the Amended Complaint continues to rely on the same labels, conclusions, and formulaic recitations of the elements of FLSA and NYLL claims to support his claims. Further, what few facts Plaintiff has added to the Amended Complaint do nothing more than demonstrate that Plaintiff was required to wear clean clothing,

3

hardly the type of specialized protective gear that is the *only* exception to the rule that changing into and out of a uniform is not compensable work time.  Thus, the Amended Complaint fails to state an FLSA claim and should be dismissed.

**B.    CHANGING CLOTHES IS NOT COMPENSABLE UNDER THE FLSA EXCEPT IN LIMITED CIRCUMSTANCES THAT ARE NOT PRESENT HERE**

Plaintiff has failed to state an FLSA claim because he has provided no allegations demonstrating that his cook's uniform was anything more than ordinary clothing, which is specifically exempted from payment under the FLSA.  Further, Plaintiff has not asserted any facts supporting his claim that changing into and out of his cook uniform was either a principal activity of his job or integral and indispensable to a principal activity.  Accordingly, the Amended Complaint fails to state a claim for FLSA overtime and should be dismissed.

    1.    <u>The Portal-To-Portal Act Was Enacted In Part To Exclude Changing Clothes From Compensable Work Time</u>

Plaintiff has failed to state a claim for unpaid overtime under the FLSA because changing clothes is not compensable under the FLSA, as modified by the Portal-to-Portal Act, 29 U.S.C. § 254 ("Act").

In 1946, the Supreme Court issued an opinion finding that an employer was required to compensate its employees for the time that they spent donning and doffing their uniforms, consisting of aprons and overalls.  *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680 (1946).  In response, Congress enacted the Act in 1947, which created two exceptions from FLSA-mandated compensable time:

    (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and

    (2) activities which are preliminary to or postliminary to said principal activity or activities,

29 U.S.C. § 254(a). The second exception, the only one applicable here,[4] "undid the *Anderson* holding that required compensation for putting on aprons and overalls, and thus 'was intended to relieve employers from liability for preliminaries, most of them relatively effortless, that were thought to fall outside the conventional expectations and customs of compensation.'" *Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), cert denied, 553 U.S. 1093 (2008), (citing *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646 (2d Cir. 1995)). Under the Act, "[C]hanging clothes and showering under normal conditions . . . constitute 'preliminary' or 'postliminary' activities excluded from compensable work time" under the FLSA." *Steiner v. Mitchell*, 350 U.S. 247, 332 (1956).

Applying the Act, courts in this Circuit have repeatedly concluded that changing into and out of a uniform, under typical circumstances, is not compensable work time. *See Gorman*, 488 F.3d 583 (time nuclear power plant employees spent donning and doffing uniforms was not compensable); *Perez v. City of New York*, 2015 WL 424394, at *1 (S.D.N.Y. Jan. 15, 2015) (time park rangers spent donning safety equipment was not compensable because the equipment was "generic protective gear"); *Edwards v. City of New York*, 2011 WL 3837130 (S.D.N.Y. Aug. 29, 2011) (time corrections officers spent donning their uniform and equipment was not compensable); *Adams v. Alcoa, Inc.*, 822 F. Supp. 2d 156, 164 (N.D.N.Y. 2011) (time chemical plant employees spent donning and doffing their protective equipment was not compensable); *Haight v. The Wackenhut Corp.*, 692 F.Supp.2d 339 (2010) (time security guards spent donning and doffing uniforms and safety equipment was not compensable).

In *Gorman*, the plaintiffs were employees of a nuclear power station who alleged they

---

[4] The first exception would be applicable if Plaintiff claimed that the time spent walking to/from the locker room and time clock was compensable time regardless of whether his time spent donning and doffing his uniform was compensable. To the extent that Plaintiff revises his position in this regard, Defendant reserves the right to argue that his claim should be dismissed under the first exception.

were entitled to pay for the time they spent, among other things, donning and doffing safety boots, safety glasses, and a helmet. 488 F.3d at 592. The district court had granted the defendant's motion to dismiss the complaint, under Rule 12(b)(6), and denied the plaintiffs' request for leave to amend their complaint, on the grounds that the items plaintiffs were required to wear were ordinary items, "not specialized protective gear," and so the time plaintiffs spent donning and doffing those items was not compensable. *Gorman v. Entergy Nuclear Operations, Inc.*, No. 04 Civ. 8484, 2006 WL 4774619, at *5 (S.D.N.Y. Apr. 14, 2006). Affirming this decision, the Second Circuit concluded that "donning and doffing of such generic protective gear is not different in kind from 'changing clothes and showering under normal conditions,'" which is not compensable under the FLSA. 488 F.3d at 594. Moreover, the court concluded that a uniform can be required – even indispensable – to an employee's job without being integral, and therefore not compensable. Specifically, the Second Circuit noted that, "[t]he donning and doffing of generic protective gear is not rendered integral by being required by the employer." *Id*. at 594.

*Adams* is also instructive because it demonstrates the type of dangerous work environment and specialized protective gear needed before changing time is compensable under the FLSA. There, the plaintiffs were aluminum factory workers who claimed, among other things, that they should have been paid for time spent donning and doffing protective gear on the employer's premises and walking from the locker room to the work site. 822 F. Supp. 2d at 157. The court found that, under *Gorman*, the appropriate inquiry was whether the work environment was "lethal" and whether the plaintiffs' protective gear "allow[ed] entry and immersion into that atmosphere." *Id*. at 164. The court concluded that the plaintiffs had failed to show that their work environment was lethal, for which specialized gear was required, and dismissed the

6

donning and doffing claim. *Id*. at 165-66. Because the changing time was not compensable, the time that plaintiffs spent walking to and from the changing area also was not compensable. *Id*. at 166.

Here, Plaintiff claims that his uniform consisted of "an apron, black pants, white shirt, scarf, hat, and at least one (1) rag." (Amended Complaint ¶ 9.) He claims that he was required to wear a "clean" uniform "in order to avoid cross contamination and germs from getting into the food." (*Id*.) He does not allege that he worked in a hazardous environment that required a specific uniform to protect either himself or the public. Nor does he allege that any component of his uniform was imbued with some quality that would elevate it to generalized protective gear, much less *specialized* protective gear. Furthermore, the specific exclusion of "showering" from compensable work time indicates that Congress anticipated that employees may need to rid themselves of germs either before or after work, and that time spent ridding oneself of those germs is not compensable work time. Plaintiff has not sufficiently alleged that time spent changing into clean clothing falls within the limited exception to the rule that changing clothes is not compensable work time, and his claim must be dismissed.

2. Even If Donning And Doffing a Cook's Uniform Is Not *Per Se* Non-Compensable, Plaintiff Has Not Sufficiently Alleged that Donning And Doffing Was A Principal Activity To His Job As A Cook

Under the Portal-to-Portal Act, 29 U.S.C § 254(a), an employee can only recover compensation under the FLSA for task that are related to the employee's "principal job activities" or are "integral and indispensable" to an employee's principal activities. *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. __, 135 S.Ct. 513, 517 (2014). This test cannot be satisfied "merely by the fact that an employer required an activity," nor even "whether the activity is for the benefit of the employer." *Id*. at 19. Tasks which are "preliminary" or

7

"postliminary" to an employee's work day are not compensable.  29 C.F.R. § 790.7(g); *see also Perez*, 2015 WL 424394, at *1 (S.D.N.Y. Jan. 15, 2015) (donning and doffing uniform by plaintiff park ranger was non-compensable preliminary and postliminary activity).

An activity is a "principal activity" only when the employee is hired to perform that task. *Integrity Staffing*, 135 S.Ct. at 518 (security screening was not a "principal activity" because the employees were not hired "to undergo security screenings, but to retrieve products from warehouse shelves and package those products for shipment to Amazon customers.")  Here, Plaintiff's allegations regarding his principal activities are:

- Plaintiff was required to leave his uniform on Defendant's premises to avoid cross contamination and getting germs into food.  (Amended Complaint ¶ 9.)

- Plaintiff was required to wear a clean uniform to prevent germs from getting into food. (*Id*.)

- Upon information and belief, Plaintiff was required to change into his uniform at work "to avoid illnesses to patrons and employees." (*Id*.)

- Donning and doffing was a principal activity of Plaintiff's employment because "Plaintiff was required to leave his uniform at Defendant at all times and it was an integral and indispensable part of his job that he change into and out of his uniform in Defendant's locker room and leave his uniform in Defendant's laundry." (*Id*. at ¶ 10.)

- "This uncompensated time spent donning and doffing his uniform constituted a principal activity of Plaintiff's employment, was significant, integral, and indispensable to the performance of job related duties, was not a de minimis task or request, and was predominately for Defendants' benefit." (*Id*. at ¶ 13.)

- Changing, walking to/from the locker room and time clock, and dropping off his uniform at the laundry "constituted a principal activity of [Plaintiff's] employment because it was an integral and indispensable part of [his] job at Defendant." (*Id*. at ¶ 19.)

Taken together, Plaintiff's allegations simply claim that he was required to wear a clean uniform at work – a rule undoubtedly the case in nearly every work place with a dress code.  At no point does Plaintiff allege that he was hired to change into and out of his uniform.  Thus, Plaintiff has failed to adequately allege that changing into and out of his uniform constituted a

"principal activity" for which he should have been compensated, and cannot rely on this basis to pursue a claim under the FLSA.

> 3. Even If Donning And Doffing a Cook's Uniform Is Not *Per Se* Non-Compensable, Plaintiff Has Not Sufficiently Alleged That Donning and Doffing Was Integral and Indispensable To a Principal Activity

An activity is "integral and indispensable" when it is an "intrinsic element" of the employee's job. *Integrity Staffing*, 135 S.Ct. at 518 (security screening was not "integral and indispensable" because it was not "an intrinsic element of retrieving products from warehouse shelves or packaging them for shipment.") By contrast, an activity is not "intrinsic" if the employer "could have eliminated the [activity] altogether without impairing the employees' ability to complete their work." *Id*. A plaintiff cannot show that donning and doffing was integral simply as a result of the fact that it took place at the workplace because "[a]n activity that is not otherwise integral to an employee's job responsibilities does not become integral simply because it must be done at a particular place." *Perez*, 2015 WL 424394, at *3 (noting that "by using the example of 'changing clothes and showering under normal conditions'—both workplace activities—the [Supreme] Court's point was precisely that certain activities are non-compensable under the FLSA despite occurring at work.")

In *Perez*, the plaintiffs claimed that the time they spent changing into and out of their uniforms was compensable work time because it was required to take place at work. *Id*. at *3-4. The court summarized – and rejected – this argument:

> When all is said and done, plaintiffs' argument about the location of donning and doffing comes back to a simple—and sympathetic—proposition. Being forced to change at work adds time to plaintiffs' workday; so they should be compensated. Yet this is exactly the type of claim that Congress, in passing the [Act], sought to foreclose. Preliminary and postliminary activities add time to the workday by their very nature. Nonetheless, the [Act] shields those activities from FLSA liability—and in doing so, it requires plaintiffs to show more than just (1) 'that an employer require[s] an activity,' or the (2) that '[an] activity is for the benefit of

9

the employer.'

*Id*. at * 5.  Plaintiff's allegations here are no more than the same allegations rejected, as a matter of law, in *Perez*.  Specifically, Plaintiff relies on the same allegations set forth in Section III.B.2, *supra*.

These allegations, including the new allegations added to the Amended Complaint, do no more than allege that he was required to wear clean clothing.  He does not allege that he *could not* perform his job (making pizza and pasta) if did not wear a specific uniform.  Unlike someone working in a toxic or lethal environment that requires specific protective gear to prevent death or severe harm, Plaintiff was making pizza and pasta in a commercial kitchen and could have performed his job wearing any clothing at all.  To that end, Plaintiff does not allege that his uniform assisted him in preparing food or was otherwise necessary to complete his duties.  Accordingly, Plaintiff has failed to state a claim for unpaid overtime under the FLSA and his claim should be dismissed.

    4.    <u>Plaintiff Has Failed To Allege That The Time He Spent Changing Was Not *De Minimis*</u>

In the Amended Complaint, Plaintiff still lumps together the time it took him to change clothing, walk to the time clock/locker room, and walk to the laundry.  (*See* Amended Complaint ¶¶ 11, 13.)  Specifically, he alleges that it took him fifteen (15) to twenty (20) minutes "to change into his uniform in the locker room and walk from the locker room to the office to clock in." (*Id*. at ¶ 11.)  He further alleges that it took him the same amount of time "after clocking out at the end of each shift, to walk back to the locker room, change out of his uniform, and drop the uniform off at Defendant's laundry." (*Id*.)  He does not specify how long each component took.

For purposes of the FLSA, the *de minimis* doctrine permits employers to disregard otherwise compensable work "[w]hen the matter in issue concerns only a few seconds or minutes

10

of work beyond the scheduled working hours, such trifles may be disregarded." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946).  "It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved." *Id*. Up to 7 minutes *per shift* has been deemed *de minimis* for FLSA purposes.  *See Haight v. Wackenhut Corp.*, 692 F. Supp. 2d 339, 345 (S.D.N.Y. 2010) (holding that up to 7 minutes is "an insignificant amount of time such that the practical administrative difficulty of recording the additional time would outweigh the size of the claim in the aggregate."); *Albrecht v. Wackenhut Corp.*, 2009 WL 37880, at *9 (W.D.N.Y. Sept. 24, 2009) (noting that in the Second Circuit, three to six minutes is *de minimis* as a matter of law).

As discussed in Section III.C, *infra*, the time that Plaintiff spent walking was only compensable if changing into and out of his uniform was compensable.  However, it is impossible to tell from the face of the Amended Complaint how much time Plaintiff spent actually changing clothing.  As a result, it is possible that the amount of time that Plaintiff spent changing was *de minimis*.  However, even if this Court found that Plaintiff had adequately alleged that changing into and out of his uniform was integral and indispensable to his job, the Court would be required to examine whether this time was nonetheless *de minimis*.  *See Gorman*, 488 F.3d at 594 ("even if the donning and doffing of [the uniform] were 'integral and indispensable' to plaintiffs' principal activities, we would be required to consider whether the time so spent was *de minimis*.")  Because Plaintiff has not stated how much time it took him to change his clothes, he has failed to show that the this time was not *de minimis*, and his claim fails for this reason as well.

## C. PLAINTIFF HAS NOT ALLEGED THAT TIME SPENT WALKING TO AND FROM THE LOCKER ROOM AND TIME CLOCK WAS COMPENSABLE WORK TIME

Plaintiff concedes that the time he spent walking to the time clock from the locker room and to the locker room from the time clock was only compensable work time if changing into and out of his uniform was compensable. (*See* Plaintiff's January 14, 2015 Letter, Docket No. 8, at p. 2.) That is because, under the FLSA, employees are paid for a continuous workday that begins with the employee's first principal activity and ends with the last principal activity. *Gorman*, 488 F.3d at 591 (citing *IBP v. Alvarez*, 546 U.S. 21, 41-42 (2005)). However, "awaiting the first principal activity is not itself a principal activity." *Id*. This includes "time that employees must spend waiting to check in." *Id*. (quoting *IBP*, 546 U.S. at 41-42). Furthermore, "the law of this circuit . . . is that a *de minimis* principal activity does not trigger the continuous workday rule." *Singh v. City of New York*, 524 F.3d 361, 371 n.8 (2d Cir. 2008).

As a result, the time that Plaintiff spent walking to the time clock before clocking in and walking to the locker room after clocking out is only compensable if changing into and out of his uniform was compensable work time. If the time that Plaintiff spent changing was *de minimis*, that would not trigger the continuous workday rule, rending the time that Plaintiff spent walking to the time clock from the locker room non-compensable. Accordingly, because Plaintiff has failed to state a claim for unpaid work time with respect to his donning and doffing claim or otherwise state how long he spent changing, he has similarly failed to state a claim for uncompensated work time with respect to the walking time, and that aspect of his FLSA claim should be dismissed.

D.  **PLAINTIFF FAILED TO STATE AN FLSA CLAIM FOR OFF-THE-CLOCK WORK BECAUSE TEN MINUTES PER WEEK OF SUCH WORK IS *DE MINIMIS* AS A MATTER OF LAW**

In the Amended Complaint, Plaintiff added an additional FLSA claim up to 10 minutes per week of off the clock work. (Amended Complaint ¶ 12.) Specifically, he claims that "for up to 10 minutes per week, Plaintiff was required to discuss his next day's job assignment with one of his supervisors while off-the-clock after clocking out at the end of his shift." (*Id*.) Plaintiff has failed to state a claim for unpaid overtime under the FLSA with respect to post-shift discussions with managers because 10 minutes per week (an average of 2 minutes per shift) is *de minimis* as a matter of law.

As explained in Section III.B.4, *supra*, courts in this Circuit routinely find that work of up to 7 minutes *per shift* is *de minimis*. Here, Plaintiff claims that he spent up to 10 minutes per *week* meeting with his supervisor after clocking out. Specifically, Plaintiff alleges that during the week of January 24, 2014 to January 30, 2014, he performed 9 minutes of work after clocking out, consisting of meeting with his supervisor. (Amended Complaint ¶ 13.) That week, Plaintiff claims to have worked 5 shifts. (*Id*.) That is, he allegedly spent less than two minutes performing this off-the-clock work. This is the very definition of *de minimis* "trifle" that *Anderson* instructs should be disregarded. For this reason, the component of Plaintiff's claim pertaining working after clocking out should be dismissed.

### E.     CONCLUSION

For the aforementioned reasons, Plaintiff has failed to state a claim for uncompensated overtime under the FLSA.  Accordingly, the Court should dismiss that claim, decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismiss this action in its entirety.

Date:   April 3, 2015
        New York, New York

>                               *s/ Craig R. Benson*
>                               Craig R. Benson
>                               Sarah E. Moss
>                               LITTLER MENDELSON, P.C.
>                               900 Third Avenue
>                               New York, NY  10022-3298
>                               212.583.9600
>                               *Attorneys for Defendant*